HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERDINAND HAFNER, | CASE NO. 2:25-cv-01170-RAJ |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

THIS MATTER comes before the Court on *pro se* Plaintiff Ferdinand Hafner ("Plaintiff")'s Motion to Seal Complaint. Dkt. # 2.

This case pertains to alleged tax overpayments and a failure to issue tax refunds. All facts derive from Plaintiff's redacted Complaint. Plaintiff is the beneficiary and former administrator of Decedent's estate. Dkt. # 2-2 at 3. After Decedent's passing, the estate managed all tax matters, including extensive correspondence and administrative appeals with the Internal Revenue Service ("IRS"). *Id.* at 3–4. Plaintiff brings this action to recover identified overpayments and refunds that now belong to him as the beneficiary. *Id.* at 4. Additionally, Plaintiff seeks "actual, direct economic damages, including those resulting from the distress caused by Defendant's unauthorized collection conduct . . . ." *Id*. In the

ORDER – 1

instant Motion, Plaintiff seeks to seal what he claims is personally identifiable information, specifically detailed tax return information associated with his name and Decedent's estate, income and liability figures, and transaction details between him and the IRS. Dkt. # 2 at 1–2.

In determining whether to seal judicial records, a court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access to records by meeting the compelling reasons standard. *Id.* at 1178.

The Court has compared the sealed Complaint with the redacted Complaint and does not find any personally identifiable information that would prejudice Plaintiff. The redacted materials include the names of certain tax forms, monetary figures, and the name of Decedent. This type of information is available in almost all tax cases. Plaintiff's argument that disclosure would create an invasion of privacy and a high probability of undue harm is conclusory. If the Plaintiff were to include *actual* personally identifiable information, such as social security numbers, the Court would rule that his Motion may have muster. The Court also finds that the private interest in keeping this information sealed does not outweigh public interest. *See Kamakana*, 447 F.3d at 1179.

Based on the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Seal Complaint. Dkt. # 2.

Dated this 11th day of July, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2