The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERDINAND HAFNER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:25-cv-01170-RAJ

**UNITED STATES' MOTION TO DISMISS**

Note on Motions Calendar:
September 19, 2025

The United States of America hereby moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. All of the claims at issue relate to the tax liabilities of the Estate of Kurt Hafner (estate taxes and estate income taxes) and the decedent Kurt Hafner's individual income taxes. Plaintiff, Ferdinand Hafner, a *pro se* individual third-party, is neither the taxpayer nor the personal representative of the Estate of Kurt Hafner. In fact, Ferdinand Hafner is the former estate administrator and was discharged when the estate was closed. He is no longer acting in any legal representative capacity of the Estate of Kurt Hafner or the decedent. As a result, he lacks standing to sue on his alleged claims. The Court therefore cannot hear Mr. Hafner's complaint and must dismiss the case.

## I. BACKGROUND

Ferdinand Hafner is the alleged beneficiary and *former* estate administrator of the closed Estate of Kurt Hafner (the "Estate"). He filed this action against the United States alleging

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

various causes of actions "regarding tax assessments, collection actions, and claims for refund that **originated** from the Decedent [(Kurt Hafner)] and the Estate's tax liabilities."[1] Dkt. # 1 at 3 (emphasis added). Mr. Hafner alleges that he filed this suit as the beneficiary of the closed Estate and was discharged as the Estate's administrator upon closure of the Estate on August 17, 2020. *See id.* at 3 (lines 16-18) and 4 (¶ 8). Thus, as the alleged beneficiary and former estate administrator, he is not a legal party in interest since the alleged claims may only be brought by the taxpayer or person legally authorized to act on behalf of the taxpayer, which is the Estate and its representative. He is not the taxpayer or person legally authorized to act on behalf of the taxpayer with respect to the federal tax liabilities at issue. His suit therefore must be dismissed.

Under Section 7426 of the Internal Revenue Code (I.R.C.),[2] Congress specified that only certain actions may be brought by third parties other than taxpayers. ***All*** of Mr. Hafner's claims pertain to the federal income tax liabilities of the Estate or the decedent and not an individual third-party. None of these claims fall within the exceptions contained in Section 7426.

First, Mr. Hafner seeks a refund of taxes under Sections 7422 and 6402 and 28 U.S.C. § 1346(a) ("Claim One"). *See* Dkt. # 1 at 3-12 (¶¶ 6-17), 20-21 (¶¶ 32-39), and 27-28 ( ¶ 65). Specifically, he seeks the following refunds:

- Refund claim 1: Estate's estate taxes (Form 706) in the amount of $81,599.00 (i*d*. at ¶ 12);

- Refund claim 2: Estate's income taxes (Form 1041) for the year 2018 in the amount of $1,763.94 (*id*. at ¶ 14);

- Refund claim 3: Decedent's individual income taxes (Form 1040) for tax years 2006-2016 in the amount of $41,888.00 (*id*. at ¶ 13);

- Refund claim 4: Decedent's individual income taxes for tax year 2018 in the amount of $7,548 (*id*. at ¶ 15);

- Refund claim 5: Decedent's individual income taxes for tax year 2009 in the amount of $5,226 (*id*. at ¶ 16); and

---

[1] Because the Plaintiff and decedent share the same last name, all references to "Mr. Hafner" refer to Plaintiff and "decedent" refer to Kurt Hafner, unless otherwise noted.

[2] All other section references are to the Internal Revenue Code, Title 26, unless otherwise noted.

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

- <u>Refund claim 6:</u> Decedent's individual income taxes for tax year 2006 in the amounts of $67.22, $34,047.59, and $21,722.75 (*id.* at ¶ 17).

<u>Second</u>, Mr. Hafner makes a Section 7426 claim for alleged wrongful levy of funds in decedent's bank account in the amount of $21,722.75 when the decedent was still alive ("Claim Two"). *See id.* at 10-12 (¶ 17.a.iii, e.iii), 21-23 (¶¶ 40-49), and 27-28 (¶ 66). While wrongful levy is a specified claim under Section 7426, Mr. Hafner's actually seeks a refund of levied funds made on behalf of his deceased father during his lifetime. Mr. Hafner appears to recognize this fact by also including a request for refund of the levied funds in his refund claim for decedent's individual income taxes for the year 2006. *Id.* at 10-12 (¶ 17.a.iii, e.iii).

<u>Third</u>, Mr. Hafner makes a claim for damages under Section 7433 for alleged unauthorized collection of the federal tax liabilities of the Estate and decedent ("Claim Three"). *See id.* 23-26 (¶¶ 50-57) and 28 (¶ 67).

<u>Fourth</u>, Mr. Hafner makes a claim for damages under Section 7431 for alleged unauthorized disclosure of return or return information under Section 6103 with respect to an alleged IRS levy notice regarding the Estate's estate taxes ("Claim Four"). *Id.* at 5-6 (¶ 12.d.vii), 26-27 (¶¶ 58-63), and 29 (¶ 68).

<u>Fifth</u>, Mr. Hafner makes a claim for injunctive and declaratory relief with respect to the federal tax liabilities of the Estate and decedent by requesting an "order enjoining Defendant from continuing any unauthorized collection actions against Plaintiff related to the tax periods at issue . . . . [and] Court Order of Finality, prohibiting further assessments for all tax periods and that all tax periods related to this matter be permanently be closed." ("Claim Five"). *Id.* at 29 (¶ 69).

<u>Sixth and lastly</u>, Mr. Hafner makes a claim for costs and fees under Section 7430 incurred in connection with the lawsuit ("Claim Six"). *Id.* at 29 (¶ 70).

Therefore, all of Mr. Hafner's claims must be dismissed for lack of subject matter jurisdiction because he is not a real party in interest with standing to bring those claims since he is no longer acting in a legal representative capacity of the Estate and the decedent.

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

## II. LEGAL STANDARD

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may challenge a claim for relief for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted); *see also* S*an Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012). A facial attack, which the United States makes here, "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks and citation omitted).

In general, *pro se* pleadings should be "liberally construed." *Capp v. City of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019); Fed. R. Civ. P. 8(f). However, in interpreting the complaint, a court should not act as the advocate of the *pro se* litigant or supply essential elements of a claim that were not pleaded. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Still, even a *pro se* plaintiff must sufficiently plead a basis for the court to exercise jurisdiction over the case. *See McCain v. D.H.H.S.*, No. CIVS050869WBSGGHPS, 2006 WL 59396, at *2 (E.D. Cal. Jan. 10, 2006) ("A less stringent examination is afforded pro se pleadings, but simple reference to federal law does not create subject-matter jurisdiction.") (internal citation omitted); *Pryor v. United States*, 85 Fed. Cl. 97, 102-03 (Fed. Cl. 2008) ("the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of the burden to meet jurisdictional requirements.") (citation

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

omitted). The Court need not allow leave for a plaintiff to amend their pleadings if it finds such amendments would be futile. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990).

### III.    ARGUMENT

**A.    Mr. Hafner has not sufficiently pleaded that the United States has waived its sovereign immunity.**

The United States is immune from lawsuit unless it has unequivocally waived its immunity. *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). Plaintiff bears the burden of establishing the United States consents to be sued. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Otherwise, a court lacks subject matter jurisdiction over claims against the United States. *Balser*, 327 F.3d at 907. Here, the complaint makes no mention of the United States' sovereign immunity. For this reason alone, the Court may dismiss this action for lack of subject matter jurisdiction.

**B.    The Court lacks subject matter jurisdiction because Mr. Haffner in his individual capacity as a beneficiary does not have standing to bring any of the claims at issue.**

Standing is an "indispensable part of the plaintiff's case" and is properly raised in a motion to dismiss under Rule 12(b)(1). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003). Mr. Hafner does not have standing to bring the claims in the complaint. Generally, a plaintiff must assert their own legal rights and cannot rely on the rights of others for relief. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). But that is exactly what he seeks to do here.

**1.    Mr. Hafner is not a real party in interest to bring this action.**

Mr. Hafner, proceeding individually and *pro se*, is not a real party in interest to bring this action. Under Rule 17(a)(1), "an action must be prosecuted in the name of the real party in interest" subject to specific enumerated exceptions such as an executor, administrator, or party authorized by statute. Further, Rule 17(b)(1) states the capacity to sue is determined "for an individual who is not acting in a representative capacity, by the law of the individual's domicile." According to the complaint, Mr. Hafner is domiciled in Washington State, Dkt. # 1 at 1, and Washington Superior Court Civil Rule ("CR") 17(a) mirrors Rule 17(a). *See* CR 17(a)

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

(stating "Every action shall be prosecuted in the name of the real party in interest"). Under CR 17(a), "[a]n executor, administrator, [. . .], or a party authorized by statute may sue in the party's own name without joining the party for whose benefit the action is brought."

Mr. Hafner alleges that decedent died in 2019. Dkt. # 1 at 14 (¶ 19). He was appointed as the Estate's administrator from May 9, 2018 to August 17, 2020, and admits he was discharged as the Estate's administrator upon closure of the Estate on August 17, 2020. *See id.* at 4 (¶ 8). He makes a clear throughout the complaint that he is filing the complaint in his individual capacity as beneficiary of the now closed Estate. For example, the complaint states: "This action is brought by Plaintiff, Ferdinand Hafner, the **Beneficiary** of the now-closed [Estate]" regarding tax assessments, collection actions, and claims for refund that originated from the **Decedent and the Estate's tax liabilities**."). *Id.* at 3 (lines 16-18) (emphasis added). And further states:

> Plaintiff brings this action [for refund] that, following the closure of the Estate and **Plaintiff's discharge as Administrator, now properly belong to Plaintiff as the Beneficiary**. Additionally, Plaintiff seeks actual, direct economic damages, including those resulting from the distress caused by Defendant's unauthorized collection conduct and mismanagement of the **Decedent's and the Estate's tax accounts** . . . .

*Id.* at 4 (lines 3-5) (emphasis added). Consequently, he is not legally authorized to act on behalf of the Estate. Thus, under federal and Washington state law, Mr. Hafner, individually, is not a real party in interest able to bring suit for the claims regarding the tax liabilities of the Estate of Kurt Hafner (estate taxes and estate income taxes) and the decedent Kurt Hafner's individual income taxes.

### 2. Only the Estate's legally authorized representative may bring suit for the non-extinguished claims alleged in the complaint.

All of the claims alleged in the complaint may only be brought the Estate's legally authorized representative.[3] As to Claim One, the claim for refund of the Estate's taxes and income taxes and the decedent's income taxes under Sections 7422 and 6402 and 28 U.S.C. § 1346(a), it may only be brought by the Estate because the taxpayer for the refund claims is

---

[3] As explained further below, the Section 7433 claim pertaining to the decedent's taxes was extinguished upon decedent's death.

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

either the Estate or the decedent. *See Green v. United States*, No. 10-CV-0080-CVE-FHM, 2010 WL 3258566, at *3 (N.D. Okla. Aug. 17, 2010), *aff'd on other grounds*, 428 F. App'x 863 (10th Cir. 2011) (concluding "the Estate was the taxpayer and only Estate administrator had authority to file a refund claim on behalf of the Estate"). The Internal Revenue Code defines "taxpayer" as "any person subject to any internal revenue tax." I.R.C. § 7701(a)(14). Kurt Hafner and/or his Estate were subject to all of the taxes at issue. Accordingly, only Kurt Hafner's duly authorized representative may file a refund claim on his behalf. Ferdinand Hafner, by his own admission, is no longer authorized to represent the Estate.

One of the jurisdictional prerequisites for a refund suit is that a taxpayer must pay the full tax liability at issue prior to bringing the suit. *See Flora v. United States*, 362 U.S. 145, 177 (1960) (construing 28 U.S.C. § 1346(a)(1) as requiring full payment of the assessment before a tax refund suit can be maintained in district court). Here, the allegations of payment of tax with respect to the refund claims are not alleged at all or not clearly alleged as full payment of the tax liability at issue. But even if they were construed as such, Mr. Hafner alleges the following "payments" were made by Mr. Hafner, as the Estate's administrator (May 9, 2018 to August 17, 2020), or by the decedent when he was alive:

- Refund claim 1: Estate's estate taxes (Form 706) in the amount of $81,599.00. Plaintiff made payment of $427,220.84 on *July 24, 2019* (Dkt. # 1 at ¶ 12);

- Refund claim 2: Estate's income taxes (Form 1041) for the year 2018 in the amount of $1,763.94. Plaintiff made payment of $64,916 on *June 20, 2019* (*id*. at ¶ 14);

- Refund claim 3: Decedent's individual income taxes (Form 1040) for the years 2006-2016 in the amount of $41,888.00. *No* allegations of payment. (*id*. at ¶ 13);

- Refund claim 4: Decedent's individual income taxes for the year 2018 in the amount of $7,548. Plaintiff filed Form 1040 for year 2018 on April 11, 2019 requesting a refund of $7,548. IRS applied the overpayment of $7,548 to tax years 2006 and 2008 on *September 2, 2019*. (*id*. at ¶ 15);

- Refund claim 5: Decedent's individual income taxes for the year 2009 in the amount of $5,226. Decedent filed Form 1040 for year 2009 on October 9, 2010 requesting a refund of $5,226 and designated the refund to be applied to tax year 2010. IRS applied the overpayment of $5,226 to tax year 2006 on *November 22, 2010* (*id*. at ¶ 16); and

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

- Refund claim 6: Decedent's individual income taxes for the year 2006 in the amounts of $67.22, $34,047.59, and $21,722.75. Except for the IRS applying $67.22 to tax year 2010 and the levy of $21,722.75 from decedent's bank account on *September 2, 2011*, there are *no* allegations of payment. (*id*. at ¶ 17).

Even if these liabilities for refund claims 1, 2, 4, 5, and 6 (as to $67.22 and $21,722.75) were fully paid, none of those payments were made by the Mr. Hafner in his individual capacity. He was therefore not "subject to any internal revenue tax" with respect to these payments. I.R.C. § 7701(a)(14). And for refund claims 3 and 6 (as to $34,047.59), no allegations of full payment were made in the complaint. Therefore, Mr. Hafner cannot rely upon the United States' waiver of sovereign immunity for refund actions because this is not a proper refund action.

As to Claim Two, the Section 7426 claim seeks the return of $21,722.75 in alleged wrongfully levied funds made from decedent's bank account when the decedent was still alive. *See* Dkt. # 1 at 21-23 (¶¶ 40-49) and 27-28 (¶ 66)). This is not actually a wrongful levy claim; it is a refund claim seeking return of the levied funds and is included in Mr. Hafner's refund claim 6. *See id*. at 10-12 (¶ 17a.iii, e.iii). As discussed above, any potential refund claim of the levied bank account funds from decedent's bank account when the decedent was still alive belongs to the Estate, and not Mr. Hafner individually. Additionally, Section 7426(a)(1) only permits a suit for wrongful levy by a person other than the taxpayer "who claims an interest in or lien on such property" that is wrongfully levied upon. *See Tracy v. United States*, 243 F.R.D. 662, 666-67 (D. Nev. 2007), *aff'd in part, dismissed in part sub nom. Tracy v. U.S. Dep't of Treasury*, 301 F. App'x 675 (9th Cir. 2008) (citing *Sessler v. United States*, 7 F.3d 1449, 1451 (9th Cir. 1993) ("Section 7426(a)(1) provides for a waiver of sovereign immunity relating to a wrongful levy when the plaintiff is (1) not the delinquent tax payer, (2) the plaintiff can show an interest in or lien on the property, and (3) the was wrongfully levied."). The requirement that the plaintiff has an interest in the property ensures standing. *See Sharp Mgmt., LLC v. United States*, No. C07-402JLR, 2007 WL 1367698, at *2 (W.D. Wash. May 8, 2007). While Mr. Hafner alleges that he holds a legal or equitable interest in the levied funds as the beneficiary of decedent (Dkt. # 1 at 21 (¶ 44)), Mr. Hafner, individually as a beneficiary, has no standing to bring a 7426 claim for the levied bank account funds because at the time the levy occurred on September 2, 2011, the

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

decedent was still alive and Mr. Hafner had no property interest in the levied funds.

Claim Three seeks damages under Section 7433 for alleged unauthorized collection of the federal tax liabilities of the Estate and decedent. *See* Dkt. # 1 at 23-26 (¶¶ 50-57) and 28 (¶ 67). Only the taxpayer can bring this claim. Section 7433(a) is clear that only the "taxpayer" may bring a civil action for damages for unauthorized collection action. Here, the Estate is the taxpayer for the Estate's tax liabilities and decedent is the taxpayer the decedent's tax liabilities. Ferdinand Hafner is not the taxpayer with respect to any payment of the taxes at issue. Therefore, he has no standing to bring the alleged Section 7433 claim.

Furthermore, any claim with respect to decedent's taxes (versus the Estate's taxes) extinguished upon his death. A Section 7433 claim is extinguished with respect to the decedent's tax liabilities upon decedent's death. *See Pansier v. United States*, No. 19-C-1906, 2020 WL 5095309, at *4 (E.D. Wis. Aug. 28, 2020), *aff'd on other grounds*, No. 20-2847, 2021 WL 5276014 (7th Cir. Nov. 12, 2021) (holding an estate or any successor party in interest is not "such taxpayer" under Section 7433 and therefore cannot continue a damages action relating to the decedent's taxes upon the decedent/taxpayer's death).

As to Claim Four, Mr. Hafner makes a claim for damages under Section 7431 for alleged unauthorized disclosure of return or return information under Section 6103 with respect to an alleged IRS levy notice regarding the Estate's estate taxes also belongs to the taxpayer. *See* Dkt. # 1 at 5-6 (¶ 12.d.vii), 26-27 (¶¶ 58-63), and 29 (¶ 68). Section 7431(a)(1) is clear that only the "taxpayer" may bring a civil action for damages for unauthorized disclosure of returns and return information in violation of Section 6103. Here, the alleged unauthorized disclosure is a "Final Notice of Intent to Levy"[4] dated June 5, 2025 to an unnamed "unauthorized third party"

---

[4] The disclosure of return information in connection with collection activities, like the levy notice here, does not violate Section 6103 as there is an express exception for this type of disclosure under Section 6103(k)(6). *See* Section 6103(k)(6); *McGraw v. United States*, No. C08-0092RSL, 2008 WL 4000570, at *3 (W.D. Wash. Aug. 25, 2008) ("Section 6103(k)(6) authorizes the disclosure of return information in connection with collection activities.").

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

regarding the Estate's estate taxes. Dkt. # 1 at 5-6 (12.d.vii). But, yet again, the taxpayer is the Estate with respect to the Estate's tax liabilities. As such, Mr. Hafner, individually, has no standing to bring a Section 7431 claim pertaining to the federal tax liabilities of the Estate.

<u>Claim Five</u> seeks injunctive and declaratory relief with respect to the federal tax liabilities of the Estate and decedent. *See* Dkt. # 1 at 29 (¶ 69). Mr. Hafner is requesting an "order enjoining Defendant from continuing any unauthorized collection actions against **Plaintiff** related to the tax periods at issue . . . . [and] Court Order of Finality, prohibiting further assessments for all tax periods and that all tax periods related to this matter be permanently be closed." *Id.* As described above, all of the taxes at issue relate to the decedent or his Estate. None of them relate to the Plaintiff, Ferdinand Hafner. Again, Mr. Hafner, individually, has no standing to bring a claim for injunctive and declaratory relief pertaining to the federal tax liabilities of the Estate and the decedent because he is not the taxpayer.[5]

---

[5] Even if he did have standing, such requested declaratory and injunctive relief that seeks to interfere with the IRS's tax assessment and/or collection actions are barred by the doctrine of sovereign immunity because they are expressly barred by the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, and Anti-Injunction Act (AIA), 28 U.S.C. 7421. *See* 28 U.S.C. § 2201 (authorizing courts to issue declaratory judgments "except with respect to Federal taxes" other than for certain actions not applicable here); 28 U.S.C. § 7421(a) ("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."). Furthermore, the DJA "is coextensive with the Anti-Injunction Act" and if "suit is allowed under the [AIA], it is not barred by the [DJA]." *Perlowin v. Sassi*, 711 F.2d 910, 911 (9th Cir. 1983). The AIA has been broadly construed to deprive courts of jurisdiction to enjoin any type of IRS activity that may, even indirectly, affect the assessment or collection of taxes. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 738-39 (1974). Unless the parties seeking to enjoin the government clearly set forth one of the limited statutory or judicially created exceptions to the AIA, the district court has no jurisdiction over their claim. *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). Regardless of how Plaintiff characterizes his requests for injunctive relief, they are in essence an attack on the IRS's tax assessment and/or collection actions. *See Int'l Lotto Fund v. Virginia State Lottery Dept.*, 20 F.3d 589, 591 (4th Cir. 1994) (in reversing the district court's decision to award taxpayer injunctive relief, the court held that "[r]egardless of how the claim is labelled, the effect of an injunction here is to interfere with the assessment or collection of a tax"). Mr. Hafner's claims for declaratory and injunctive relief seek to interfere with the IRS's tax assessment and collection actions and he has not alleged that any exceptions to the AIA apply in this case nor do they apply in this case. As such, these claims are barred by the DJA and AIA. Accordingly, the Court can also dismiss Mr. Hafner's claims for declaratory judgment and injunctive relief for lack of subject matter jurisdiction because these claims are barred by the doctrine of sovereign immunity.

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

As to Claim Six, Mr. Hafner makes a claim for costs and fees under Section 7430 incurred in connection with the lawsuit. *See* Dkt. # 1 at 29 (¶ 70). Because Mr. Hafner is not a real party in interest with standing to bring the claims alleged in the complaint, he cannot establish that he is entitled to any costs in bringing this defective lawsuit.

### C. Even if there was a current estate administrator for the Estate, the Estate may not be represented *pro se*.

Even if there was a current estate administrator (which there is not) and an estate administrator were substituted as plaintiff in Mr. Hafner's place, Mr. Hafner would not be permitted to bring this complaint *pro se* because Mr. Hafner has not pleaded sufficient facts to allow the Estate to be represented *pro se*.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. But "the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Thus, every court of appeals to consider the issue has held that even an estate's administrator cannot appear *pro se* on behalf of the estate when the estate has any creditors or beneficiaries other than the litigant. *See, e.g.*, *Malone v. Nielson*, 474 F.3d 934, 936–37 (7th Cir. 2007); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). District courts in this circuit also follow the same rule. *Gonzalez on Behalf of Est. of Perez v. JP Morgan Chase Bank, N.A.*, No. C-14-2558 EMC, 2014 WL 5462550, at *3 (N.D. Cal. Oct. 28, 2014) (explaining that, if Gonzalez wished to represent her mother's estate *pro se*, she would have to plead specific facts showing that she was the estate's administrator and that the estate had no other beneficiaries or creditors). Accordingly, an administrator proceeding *pro se* must demonstrate that they are the sole beneficiary of the estate and that there are no other beneficiaries or creditors to pursue a claim on behalf of an estate. *See Huberty v. Internal Revenue Serv.*, No. 222CV827KJMKJNPS, 2023 WL 36164, at *4 (E.D. Cal. Jan. 4, 2023)

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

(citing *Methven and Associates Prof. Corporation v. Paradies-Stroud*, No. C 13-01079, 2013 WL 12187701, at *2 (N.D. Cal. Dec. 19, 2013)).

In this case, Mr. Hafner is not currently the Estate's administrator and even if he were, nowhere in the complaint does he claim to be its only beneficiary or creditor. Consequently, the complaint does not establish that Mr. Hafner could represent the Estate's interests in court *pro se* even if he was currently the Estate's administrator. Moreover, he also does not appear to be a licensed attorney to practice law in the State of Washington as the complaint contains no such pleading.

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint with prejudice for lack of subject matter jurisdiction.

Dated this 22nd day of August, 2025.

Respectfully submitted,

*/s/ Yen Jeannette Tran*
YEN JEANNETTE TRAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
202-616-3366 (v)
202-307-0054 (f)
Y.Jeannette.Tran@usdoj.gov

*Attorney for the United States of America*

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of August, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF participant(s):

    Ferdinand Hafner (tbor7803@gmail.com)
    *Pro Se Plaintiff*

                                  */s/ Yen Jeannette Tran*
                                  YEN JEANNETTE TRAN
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice

U.S.' Mot. to Dismiss
(Case No. 2:25-cv-01170-RAJ)

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3366