HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERDINAND HAFNER,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No.  2:25-cv-01170-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on the Motion to Dismiss (the "Motion," Dkt. # 13) of Defendant United States of America (the "Government").  The Court has reviewed the Motion, Plaintiff's Response, Dkt. # 15, and Defendant's Reply, Dkt. # 16, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** the Motion.

## II.    BACKGROUND

Plaintiff Ferdinand Hafner ("Mr. Hafner") is the beneficiary and former administrator of decedent Kurt Hafner's estate. Dkt. # 1 at 3. Mr. Hafner filed this action alleging tax overpayments and the Government's failure to issue tax refunds. *Id.* at 4.

ORDER - 1

Mr. Hafner now attempts to recover those tax overpayments, alleging they belong to him as the beneficiary of the estate. *Id.* Mr. Hafner also seeks damages arising from the Government's alleged unauthorized collection conduct. *Id.* Additionally, Mr. Hafner seeks declaratory and injunctive relief enjoining the Government from continuing its alleged unauthorized collection efforts. *Id.* at 29. Finally, Mr. Hafner seeks an award of costs and fees. *Id.* The Government filed this Motion to dismiss for lack of subject-matter-jurisdiction. Dkt. # 13. In the Motion, the Government accepts the truth of Mr. Hafner's allegations but argues that the Government is immune from this lawsuit and that Mr. Hafner does not have standing to pursue the claims in this case. *Id.* Mr. Hafner filed a Response to the Motion, Dkt. # 15, and the Government filed a Reply in support of the Motion. Dkt. # 16.

### III.    LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When the defendant moves to dismiss for lack of subject-matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A facial attack is one where the defendant "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039). To resolve a facial challenge, the district court, accepting the plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, "determines whether the allegations are sufficient as a legal matter to invoke the court's

ORDER - 2

jurisdiction." *Id.* The Government specifies that it is making a facial attack and argues that Mr. Hafner lacks standing to bring this case. Dkt. # 13 at 4.

### IV.    DISCUSSION

"Standing is a threshold jurisdictional question in every federal case." *Bruce v. United States*, 759 F.2d 755, 757 (9th Cir. 1985). If the plaintiff fails to demonstrate standing, "the complaint is subject to dismissal." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023). Mr. Hafner, as the beneficiary of the estate, seeks refunds of tax overpayments made by the decedent and the estate. Dkt. # 1 at 20–21, 27–28. Under 26 U.S.C. § 6402, if a person has made an overpayment, "the Secretary . . . shall . . . refund any balance to *such person*." 28 U.S.C. § 6402(a) (emphasis added). Thus, to establish standing to recover refunds for tax overpayments under Section 6402, Mr. Hafner must show that *he* made the overpayments. *See Bruce*, 759 F.2d at 758 n.2 (stating that Section 6402 provides that refunds are to be made to the person who made the overpayment); *Sorenson v. Sec'y of Treasury of U.S.*, 475 U.S. 851, 860 (1986) ("*All* refunds made by the Secretary under § 6402(a) are paid to 'the person who made the overpayment.' The phrase merely identifies the *person* entitled to the refund . . . ."). Mr. Hafner does not allege that *he* made the overpayments. Indeed, Mr. Hafner alleges that the decedent and the estate made the overpayments and that he brought this action as the beneficiary of the estate. Dkt. # 1 at 4; Dkt. # 15 at 2. Therefore, Mr. Hafner lacks standing to recover under Section 6402.

Mr. Hafner also seeks the recovery of amounts allegedly wrongfully levied. Dkt. # 1 at 21–23, 28. Under 26 U.S.C. § 7426, any person, other than the taxpayer, "who claims an interest in or lien on" the property and "such property was wrongfully levied upon" may file a civil action. 26 U.S.C. § 7426(a)(1). The Government argues that the levy occurred while the decedent was still alive, and, therefore, Mr. Hafner did not have

ORDER - 3

"an interest" in the property at the time of the levy.   Dkt. # 13 at 8–9.   As the Government's challenge is one of subject-matter jurisdiction, it is Mr. Hafner who bears the burden to establish jurisdiction exists in order to survive the Government's Motion. *Tosco Corp.*, 236 F.3d at 499.   In applying the wrongful levy standard, "'state law controls in determining the nature of the legal interest which the taxpayer had in the property.'" *Aquilino v. United States*, 363 U.S. 509, 513 (1960) (citing *Morgan v. Comm'r of Internal Revenue*, 309 U.S. 78, 82 (1940)).   Mr. Hafner cites no authority under Washington law illustrating that a beneficiary to an estate has "an interest" in levied funds where the decedent taxpayer was still alive at the time of the levy.   *See generally* Dkt. # 15; *see also Williams v. I.R.S.*, No. C05-5371RBL, 2005 WL 2757920, at *2 (W.D. Wash. Oct. 25, 2005) (granting IRS's motion to dismiss after concluding that plaintiff "did not have 'an interest' in property at the time of the levy" pursuant to state law requirements and therefore "fail[ed] the first portion of the standing test for challenging a levy under 26 U.S.C. § 7426").   Based on the present record, Hafner has not met his burden to rebut the Government's argument that he lacked "an interest" in the property at the time of the levy. Therefore, the Court concludes that Mr. Hafner lacks standing to pursue this claim under Section 7426.

Mr. Hafner also alleges that he is entitled to damages for alleged unauthorized collection of federal tax under 26 U.S.C. § 7433.   Dkt. # 1 at 23–26, 28.   Section 7433 provides that if an Internal Revenue Service officer or employee disregards any provision under this title or any regulation promulgated under this title when collecting from a taxpayer, "*such taxpayer* may bring a civil action for damages against the United States." 26 U.S.C. § 7433(a) (emphasis added).   Mr. Hafner was not the taxpayer when the IRS allegedly engaged in unauthorized collection of federal tax.   Rather, the decedent and the estate were the taxpayers.   *See, e.g.*, *Ferrel v. Brown*, 847 F. Supp. 1524, 1528 (W.D.

ORDER - 4

Wash. 1993), *aff'd*, 40 F.3d 1049 (9th Cir. 1994) (explaining that standing under Section 7433 requires that plaintiff "be '*such* taxpayer' from whom the IRS collected the tax," i.e., "the direct taxpayer, not a third party"); *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999) (citing *Ferrel* with approval).  Therefore, Mr. Hafner lacks standing to pursue damages under Section 7433.

Similarly, Mr. Hafner seeks damages for alleged unauthorized disclosure of returns or return information under 26 U.S.C. § 7431. Dkt. # 1 at 26–27, 29.  This Section similarly requires the "taxpayer" to make the claim. Under Section 7431, if a United States officer or employee knowingly or negligently "discloses any return or return information with respect to a taxpayer in violation of any provision of [26 U.S.C. § 6103], *such taxpayer* may bring a civil action for damages against the United States in a district court of the United States."  26 U.S.C. § 7431(a)(1) (emphasis added); *see, e.g.*, *Ruiz Rivera v. I.R.S.*, 226 F. Supp. 2d 345, 349 (D.P.R. 2002), *aff'd*, 93 F. App'x 244 (1st Cir. 2004) ("Once again, the phrase 'such taxpayer' indicates that only the taxpayer whose 'return' or 'return information' has been allegedly disclosed has standing to sue."); *Clark v. I.R.S.*, No. CIV. 06-00544SPK-LEK, 2007 WL 1374742 (D. Haw. Mar. 1, 2007) (finding that plaintiff, as the beneficiary of the estate, was not the taxpayer within the meaning of "with respect to a taxpayer" and "such taxpayer" under Section 7431). Therefore, Mr. Hafner lacks standing to pursue damages under Section 7431.

Finally, Mr. Hafner requests (1) declaratory and injunctive relief, and (2) a prevailing party award for costs and fees under 26 U.S.C. § 7430. Dkt. # 1 at 29.  Mr. Hafner fails to establish that he has standing to pursue this relief.

Because the Court concludes that Mr. Hafner does not have standing for the foregoing reasons, the Court does not reach the Government's alternative argument of sovereign immunity. *See* Dkt. # 13 at 5.

ORDER - 5

As a separate matter, the Court notes that the Government utilized a footnote that consumes one-half of a page to advance legal argument in its Motion. *See* Dkt. # 13 at 10 n.5 (footnoted paragraph is one-half of the page and contains citations and legal argument). The Court strongly disfavors footnoted citations and legal arguments, as they serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Civil Rules, W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, 2014 WL 289924, at *1 n.1 (D. Ariz. Jan. 24, 2014); *see also Clark v. Louisville-Jefferson Cnty. Metro Gov't, Kentucky*, 2024 WL 56938, *3 (W.D. Ky. Jan. 4, 2024). The Court strongly discourages the parties from footnoting their legal citations or arguments in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899, 899–900 (9th Cir. 1994).

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, Dkt. # 13, and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

The Clerk of Court is directed to close this case.


Dated this 13th day of February, 2026.


The Honorable Richard A. Jones
United States District Judge


ORDER - 6