HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERDINAND HAFNER,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 2:25-cv-01170-RAJ<br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Ferdinand Hafner's Motion for Reconsideration (the "Motion," Dkt. # 21), of the Court's February 13, 2026 Order dismissing Plaintiff's Complaint (the "Dismissal Order," Dkt. # 19). The Court has reviewed the Motion and the balance of the record, and concludes that oral argument is unnecessary to adjudicate the Motion. For the reasons set forth below, the Court **DENIES** the Motion.

## II. BACKGROUND

Plaintiff Ferdinand Hafner alleges that he is the beneficiary and former administrator of decedent Kurt Hafner's[1] estate. Dkt. # 1 at 3. Mr. Hafner's complaint in this action (the "Complaint," Dkt. #1) sought to recover refunds associated with alleged tax overpayments, claiming that Mr. Hafner is entitled to this relief as beneficiary of the decedent's estate. *Id.* at 4. In addition to the refunds, Mr. Hafner sought, *inter alia*, damages arising from the Government's alleged unauthorized collection conduct and related declaratory and injunctive relief. *Id.* ¶¶ 65–71. The Government filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, specifically due to immunity and lack of standing. Dkt. # 13. The Court's Dismissal Order granted the Government's motion, concluding that Mr. Hafner lacks standing to recover under the statutes forming the bases of his claims for relief. Dkt. # 19 at 3–5. Mr. Hafner now seeks reconsideration of the Dismissal Order. Dkt. # 21. He argues in his Motion that the Court: (1) erred in concluding that he lacks standing, Dkt. # 21 ¶¶ 15–17; (2) incorrectly applied state law to a "matter of federal administrative finality," *id.* ¶¶ 18–20; and (3) created a "targeting paradox" by "characterizing the entire Complaint as a representative action," *id.* ¶¶ 21–23. No party has filed a response to the Motion.

## III. LEGAL STANDARD

Under Local Civil Rule 7(h), motions for reconsideration are disfavored. Courts will ordinarily deny such motions in the absence of "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." W.D. Wash. Local Civ. R. 7(h)(1). Manifest error is very nearly synonymous with "clear error" under Ninth Circuit precedent. *Sch.*

---

[1] For avoidance of confusion, this Order refers to Plaintiff as "Mr. Hafner" and to Kurt Hafner as "the decedent."

*Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that "[r]econsideration is appropriate" if the district court "committed clear error or the initial decision was manifestly unjust").

## IV. DISCUSSION

In arguing that reconsideration of the Dismissal Order is warranted, Mr. Hafner first argues that the Court erred in concluding that Plaintiff lacks standing because 26 U.S.C. § 7701(a) defines "person" as "an individual, a trust, estate, partnership, association, company or corporation" and "fiduciary" as "a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person." Dkt. # 21 ¶ 15 (citing 26 U.S.C. §§ 7701(a)(1), (6)). However, as explained in the Dismissal Order, the statutory refund provision specifically requires that the person seeking a refund be the "person who made the overpayment." 26 U.S.C. § 6402(a); *Bruce v. United States*, 759 F.2d 755, 758 n.2 (9th Cir. 1985).

Mr. Hafner argues that the Court, in "accepting the Complaint's allegations as true . . . admitted that Plaintiff served as the court-appointed fiduciary and personally executed" certain tax "overpayments" alleged in the Complaint. Dkt. # 21 ¶ 16 (citing Dkt. # 1 ¶¶ 12.a-d.viii, 14.a-c, m, 15.a, d, e). Mr. Hafner therefore appears to contend that the Court's finding that Mr. Hafner "does not allege that *he* made the overpayments," Dkt. # 19 at 3, is manifest error. Dkt. # 21 ¶ 15. However, the Dismissal Order, read in context, ultimately finds that Mr. Hafner's allegations are consistent with an acknowledgement that the overpayments were made by "the estate" (even if some payments were made by Mr. Hafner as administrator of the estate prior to his discharge in August 2020), rather than by Mr. Hafner as an individual. Dkt. # 19 at 3; *see also* Dkt. # 1 ¶ 8 (admitting that Mr. Hafner was discharged as administrator of the estate on August 17, 2020).

Accordingly, the decedent's "estate" is the "person" who made the overpayment, rather than Mr. Hafner as an individual. *See* 26 U.S.C. § 6402(a) (limiting refund relief to "person who made the overpayment"); 26 U.S.C. § 7701(a)(1) (clarifying that the term "person" includes an "estate"); *Huberty v. Internal Revenue Serv.*, No. 222CV827KJMKJNPS, 2023 WL 36164, at *3 (E.D. Cal. Jan. 4, 2023) (citing *Ahmanson Found. v. U.S.*, 674 F.2d 761, 768 (9th Cir. 1981)) (a litigant may file a tax refund suit on behalf of an estate if they are the appointed administrator or executor of the estate). Mr. Hafner does not have standing to recover under Section 6402(a), and the Court therefore declines to reconsider its Dismissal Order on this basis.

Next, Mr. Hafner argues that the Court erred by "applying a state-law 'property interest' test to a matter of federal administrative finality." Dkt. # 21 ¶ 18. Mr. Hafner generally asserts that "Ninth Circuit and general federal tax law" support his position that the tax assessments at issue are "account[s] stated," and that "[s]tate law cannot diminish a federal standing right that was perfected and vested while Plaintiff served as the authorized fiduciary." *Id.* ¶¶ 19–20. However, Mr. Hafner fails to cite any specific case law or statutory authority in support of this position. And as set forth in the Dismissal Order, "state law controls in determining the nature of the legal interest which the taxpayer had in the property." Dkt. # 19 at 4 (citing *Aquilino v. United States*, 363 U.S. 509, 513 (1960) (internal citation and quotation marks omitted)).

Finally, Mr. Hafner contends that the Dismissal Order "misapprehends the record by characterizing the entire Complaint as a representative action." Dkt. # 21 ¶ 21. Specifically, Mr. Hafner claims that the dismissal of his Complaint results in a "targeting paradox" wherein he remains subject to collection enforcement by the Government as the responsible "taxpayer," but is designated as a "'non-person' for the purpose of judicial redress." *Id.* ¶ 22. However, any collection or other enforcement efforts

undertaken by the Government are separate from the inquiry facing the Court, which is whether a litigant has standing to pursue his claims in federal court. As explained in the Dismissal Order, standing is a "threshold jurisdictional question in every federal case," and if a plaintiff does not have standing, his complaint is "subject to dismissal." Dkt. # 19 at 3 (citing *Bruce*, 759 F.2d at 757, *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023)). Mr. Hafner's grievances with the Government's enforcement activities do not absolve the Court of its independent obligation to inquire into whether a plaintiff has standing, and are therefore not appropriate grounds for reconsideration of the Dismissal Order.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. Dkt. # 21.

Dated this 4th day of September, 2026.

The Honorable Richard A. Jones
United States District Judge